**RECEIVED** Ⓐ

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUN – 6 2008  *aew*
JUN 6 2008
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

United States of America ex rel.

   JOHN WALDRON N23690
(Full name and prison number)
(Include name under which convicted)

PETITIONER

     vs.

   DONALD A. HULICK
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**08CV3277
JUDGE SHADUR
MAGISTRATE JUDGE ASHMAN**

Case Number of State Court Conviction:

   88 CF 1461

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:   CIRCUIT COURT OF THE 19TH
   JUDICIAL CIRCUIT    LAKE COUNTY, ILLINOIS

2. Date of judgment of conviction:   JULY 28, 1989

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   FELONY MURDER; INTENTIONAL MURDER; KNOWING MURDER; ARMED ROBBERY;
   ARMED ROBBERY

4. Sentence(s) imposed:  3 NATURAL LIFES; 1 60 YEAR CONCURRENT; 1 60 YEAR CONSECUTIVE

5. What was your plea? (Check one)     (A) Not guilty   ( X )
                            (B) Guilty      ( )
                            (C) Nolo contendere  ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

                                          N/A

Original Copy

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):        Jury ( **X** )            Judge only ( )

2. Did you testify at trial?    YES ( )            NO        ( **X** )

3. Did you appeal from the conviction or the sentence imposed? YES ( **X** )    NO ( )

   (A) If you appealed, give the

       (1) Name of court:   **2ND DISTRICT APPELLATE COURT**

       (2) Result:    **AFFIRMED IN PART; VACATED IN PART**

       (3) Date of ruling:  **OCTOBER 7, 1991**

       (4) Issues raised:    **INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL;**

   **APPRENDI VIOLATIONS**

   (B) If you did not appeal, explain briefly why not:

                                 **N/A**

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES ( )        NO ( **X** )

   (A) If yes, give the

       (1) Result        **N/A**

       (2) Date of ruling:        **N/A**

       (3) Issues raised:        **N/A**

                       **APPELLATE COUNSEL REFUSED TO TAKE CASE TO ILL. SUPREME CT.;**

   (B) If no, why not: **I HAD LACK OF ABILITY AND KNOWLEDGE TO DO SAME**

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )   No ( **X** )

   If yes, give (A) date of petition: **N/A**        (B) date *certiorari* was denied:  **N/A**

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( X )   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court:   CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT

B.   Date of filing:   1ST PC (2000); 2ND PC (2005)

C.   Issues raised:   ALL THE ISSUES RAISED IN THIS HABEAS CORPUS PETITION; SEE PART III CLAIMS A THROUGH H

D.   Did you receive an evidentiary hearing on your petition?   YES ( )   NO (X)

E.   What was the court's ruling?   BOTH PC PETITIONS DENIED/DISMISSED

F.   Date of court's ruling:   2001 & 2005 RESPECTIVELY

G.   Did you appeal from the ruling on your petition?   YES ( X )   NO ( )

H.   (a) If yes,   (1) what was the result?   MODIFIED SENTENCE BOTH TIMES/AFFIRMED CONVICTION

     (2) date of decision:   2002 & 2007 RESPECTIVELY

     (b) If no, explain briefly why not:   N/A

I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( X ) NO ( )   BUT NOT A PLA; FILED STATE HABEAS CORPUS TO ILL. SUPREME COURT INSTEAD

     (a) If yes,   (1) what was the result?   DENIED   *CASE # 12 05/ (docketed)*

     (2) date of decision:   2008   *MAY 20, 2008*

     (b) If no, explain briefly why not:   N/A

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (X)        NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding   STATE HABEAS CORPUS STRAIGHT TO ILL. SUPREME CT.

      2. Date petition filed   MARCH, 2008

      3. Ruling on the petition   DENIED / *docketed as #/2051*

      3. Date of ruling   2008  *May 20, 2008*

      4. If you appealed, what was
         the ruling on appeal?   N/A

      5. Date of ruling on appeal   N/A

      6. If there was a further appeal,
         what was the ruling ?   N/A

      7. Date of ruling on appeal   N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
         YES ( )   NO (X)

   A. If yes, give name of court, case title and case number:   N/A


   B. Did the court rule on your petition?  If so, state

      (1) Ruling:   N/A

      (2) Date:   N/A


**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

**YES ( )   NO (X)**

If yes, explain:   N/A

**PART III -- PETITIONER'S CLAIMS**

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one   Trial counsel failed to object to, or preserve through
Supporting facts (tell your story briefly without citing cases or law):

posttrial motions, the prosecution's knowing introduction of false

evidence (a videotape); the trial court's allowance of testimony

by a witness who, admittedly, was under the influence of drugs at

the time; the trial court's assuming the role of trier-of-fact con-

cerning truthfulness of prosecution's key witness; and trial court's

allowance of elements not charged in indictment, submitted to jury,

or proven beyond a reasonable doubt.


(B) Ground two   Trial court exceeded the limit of its jurisdiction when
Supporting facts:

it amended petitioner's sentence by reinstating sentences that had

been priorly vacated by the 2nd District Appellate Court of Ill-

inois.

(C) Ground three    Prosecutional misconduct made the process defective
Supporting facts:

in a substantial form required by law when the state knowingly

introduced false evidence (a videotape) and further exposed the

jury to same, absent a proper foundation.

(D) Ground four Trial court exceeded the limit of its jurisdiction when
Supporting facts:

it applied natural life and extended-term sentencing to petitioner

using elements of the offense (other than prior conviction) which

were not charged in the indictment, submitted to the jury, or

proven beyond a reasonable doubt, when U.S. Supreme Court precedent

that "was" in effect at the time of the crime charged deemed this

to be unconstitutuonal.

2    Have all grounds raised in this petition been presented to the highest court having jurisdiction?
     YES (x)   NO ( )

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
              N/A

(E) **Ground five:** Trial court exceeded the limit of its jurisdiction by allowing the jury to hear the testimony of a key state witness who, admittedly, was under the influence of illegal drugs not only during her testimony, but during the time the events occurred that she was testifying to.

(F) **Ground six:** Prosecutional misconduct made the process defective in a substantial form required by law when the state coached and bolstered the testimony of a key prosecution witness; and the trial court exceeded the limit of its jurisdiction by assuming the role of trier-of-fact concerning the truthfulness of said coached and bolstered testimony.

(G) **Ground seven:** Trial court exceeded the limit of its jurisdiction by sentencing petitioner on multiple convictions for offenses arising out of a single act and/or course of conduct during which there was no substantial change in the nature of the criminal objective.

(H) **Ground eight:** The Illinois State Legislature established a sentencing statute that was (and still is) contrary to federal law as established by the U.S. Supreme Court, and the trial court sentenced petitioner thereunder.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)  At preliminary hearing  UNKNOWN

(B)  At arraignment and plea  MR. STEPANICH (ADDRESS UNKNOWN)

(C)  At trial  MR. STEPANICH & ALFONSE WITT (ADDRESSES UNKNOWN)

(D)  At sentencing  MR. STEPANICH & ALFONSE WITT (ADDRESSES UNKNOWN)

(E)  On appeal  THOMAS LILIEN (ADDRESS UNKNOWN)

(F)  In any post-conviction proceeding  THOMAS LILIEN (ADDRESS UNKNOWN)

(G)  Other (state):  PRO SE

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (   )   NO ( X )

Name and location of the court which imposed the sentence:  N/A

Date and length of sentence to be served in the future  N/A

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 5-30-08
(Date)

N/A
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

John Waldron
(Signature of petitioner)

N23690
(I.D. Number)

P.O. BOX 711
(Address)

MENARD, IL 62259-0711

REVISED 01/01/2001

In the United States District Court
for the Northern District of Illinois
Eastern Division

John Waldron,                        )
Petitioner,                          )
                                     )    U.S. District Court
        -vs-                         )    Case No. _____
                                     )
Donald A. Hulick,                    )    Criminal Docket
Chief Administrative Officer,        )    Case No. 88-CF-1461
Menard Correctional Center,          )
Respondent.                          )

### MOTION FOR A DE NOVO REVIEW

Because the Illinois reviewing courts (a) have not ruled
upon the merits of "all" of petitioner's issues, and (b) the
decisions of the Illinois reviewing courts are contrary to clearly
established federal law as established by the U.S. Supreme Court,
and (c) through systematic conviction affirmations, petition
dismissals and leave-to-appeal denials the Illinois reviewing
courts are in conflict with the spirit and the letter of the
U.S. Constitution.

Petitioner moves this Honorable Court, pursuant to 28 U.S.C.A.
2254(d)(1), and under the authority of U.S.C.A. Const. Art.
6, c1.2 "Supremacy Clause", and De Novo Admin. Law 744.1 and
Fed. Cts. 776, to grant him a de novo review.

Petitioner contends he is entitled to a de novo review
wherein this court shall determine the issues herein with a
fresh and independent determination of the matter at stake,
with the court's inquiry not limited to, or constricted by,
administrative record nor any deference due, or presumption
of validity applied to the prior decisions of the Illinois re-
viewing courts.

### De Novo Review Authorities

Doe v. U.S., 821 F.2d 694, 261 U.S. App. D.C. 206 (1987) --
Admin. Law 744.1; Records 34.  See also Nants v. F.D.I.C., 864
F.Supp. 1211 (1994): Court shall determine the matter de novo,
meaning a fresh and independent determination of the matter
at stake; court's inquiry is not limited to, or constricted
by, administrative record, nor is any deference due agency's
conclusions. 5 U.S.C.A. 552a(d), (d)(2)(B)(i), (g)(2)(A).

U.S. v. Brian, 900 F.2d 218 (1990): In de novo review the court
must review the record in light of its own independent judgment
without giving special weight to the prior decisions. -- Fed.
Ct. 776.


### Supremacy Clause Authorities

The Supremacy Clause of the U.S. Constitution mandates that
federal statutes and federal regulations properly promulgated
pursuant to proper statutory authority takes precedence over
state laws. -- U.S.C.A. Const. Art. 6, cl. 2.

Preemption of state law by federal law under Supremacy Clause
of the U.S. Constitution can occur in several ways, including
result of "conflict between federal and state law": Schneidewind
v. ANR Pipeline Co., 485 U.S. 293, 108 SCt. 1145 (1988); such
conflict exists when it is "impossible to comply with both state

and federal law" <u>Florida Lime & Avocado Growers, Inc. v. Paul</u>,
373 U.S. 132, 142-43, 88 SCt. 1210, 1217-18 (1963); or when
"state law stands as obstacle to accomplishment of full purposes
and objectives of Congress": <u>Hines v. Davidowitz</u>, 312 U.S. 52,
61 SCt. 399 (1941). -- U.S.C.A. Const. Art. 6, cl. 2.


<u>Boomer v. AT&T Corp.</u>, 309 F.3d 404 (C.A. 7 2002); <u>Ace Auto Body
& Towing Ltd. v. City of New York</u>, 171 F.3d 765 (1999); and
<u>Broad v. Sealaska Corp.</u>, 85 F.3d 422 (1996): jointly hold that
under "Supremacy Clause", federal law preempts state law either
by express provision, by implication, or by conflict between
federal and state law.


### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C.A. 1746 and 18 U.S.C.A. 1621 I declare
under penalty of perjury that the foregoing motion herein contained
is true and correct to the best of my knowledge.

John Waldron
Reg. No. N23690
P.O. Box 711
Menard, IL 62259-0711

-3-

In the United States District Court
for the Northern District of Illinois
Eastern Division

John Waldron,                     )
Petitioner,                       )
                                  )    U.S. District Court
     -vs-                         )    Case No. _____
                                  )
Donald A. Hulick,                 )    Criminal Docket
Chief Administrative Officer,     )    Case No. 88-CF-1461
Menard Correctional Center,       )
Respondent.                       )

Memorandum of Law
in Support of Pro Se Petition
for Relief from State Conviction

John Waldron
Reg. No. N23690
P.O. Box 711
Menard, IL 62259-0711

Original Copy

Pro Se Counsel for Petitioner

## TABLE OF CONTENTS

Table of Cases                                          ii.-x.

Jurisdictional Statement                                     1

De Novo Review Requested and Required                      2-3

Why Review is Warranted                                      3

Statement of Facts                                         4-5

Issues Presented for Review                                6-7

Summary of Arguments                                         8

Arguments                                                9-41

Conclusion                                                  42

Declaration Under Penalty of Perjury                       43

Notice and Proof of Service                                43

All materials required

by Circuit Rule 30(a)(b) are

incorporated within the APPENDIX

# TABLE OF CASES

## I.

**Procedural ineffective assistance of trial counsel violated the petitioner's right to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

Banks v. Dretke
    540 U.S. 696                                          11

Gideon v. Wainwright
    372 U.S. 335                                           9

Gonzalez v. U.S.
    967 F.Supp. 326                                       10

Johnson v. Zerbst
    303 U.S. 458                                           9

Massaro v. U.S.
    123 SCt. 1690                                         11

Murray v. Carrier
    477 U.S. 478                                          10

Strickland v. Washington
    466 U.S. 668                                       9, 11

## II.

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally amended the petitioner's sentence, thereby violating the petitioner's due process rights under the 14th amendment of the U.S. Constitution.**

Divane v. Krull Electric Co., Inc.
     194 F.3d 845                                              14

Johnson v. Zerbst
     304 U.S. 458                                             15

Miller v. Florida
     482 U.S. 423, 430                                        13

Schneidewind v. ANR Pipeline Co.
     485 U.S. 293                                             15

Swank v. Smart
     898 F.2d 1247                                            14

Weaver v. Graham
     450 U.S. 24, 28                                          14

## III.

It was prosecutional misconduct to knowingly introduce false
evidence (a videotape) and to further expose the jury to same,
absent a proper foundation, thereby making the process defective
in a substantial form required by law and violating petitioner's
rights to due process and a fair and fundamental trial under
the 14th and 6th amendments of the U.S. Constitution.

Berger v. U.S.
    295 U.S. 78                                              18

Brownstein v. Director, IDOC
    760 F.2d 836                                             18

Giglio v. U.S.
    405 U.S. 150                                         17, 18

Grun v. Pneumo Abex Corp.
    163 F.3d 411                                             18

Johnson v. Zerbst
    304 U.S. 458                                             19

Lime & Avocado Growers v. Paul
    373 U.S. 132                                             19

Miller v. Pate
    386 U.S. 1                                               16

Mooney v. Holohan
    294 U.S. 103                                             16

Moran v. McDaniel
    80 F.3d 1261                                             18

Napu v. Illinois
    360 U.S. 264                                             16

Phillips v. Woodford
    267 F.3d 966                                             17

Pyle v. Kansas
    317 U.S. 231                                             16

U.S. v. Baylock
    20 F.3d 1458                                             17

U.S. v. Caballero
    277 F.3d 1234                                            17

## IV.

The trial court exceeded the limit of its jurisdiction, either
as to the matter, place, sum or person when it unconstitutionally
applied natural life and extended sentencing to petitioner,
thereby violating the petitioner's rights to due process and
a fair and fundamental trial under the 14th and 6th amendments
of the U.S. Constitution.

4 Blackstone 368                                                    21

Apprendi v. New Jersey
    120 SCt. 2348                                                   20

Hamling v. U.S.
    418 U.S. 87                                                     20

Hines v. Davidowitz
    312 U.S. 52                                                     23

Johnson v. Zerbst
    304 U.S. 458                                                    23

Jones v. U.S.
    119 SCt. 1215                                                   20

Sattazahn v. Pennsylvania
    537 U.S. 101                                                    23

U.S. v. Gaudin
    515 U.S. 506                                                    20

## V.

The trial court exceeded the limit of its jurisdiction, either
as to the matter, place, sum or person when it unconstitutionally
allowed the jury to hear the testimony (under objection) of
a witness who was not only under the influence of drugs at the
time she was giving testimony, but admittedly was under the
influence of drugs at the time she witnessed the underlying
crimes of which she was giving testimony, thereby violating
the petitioner's rights to due process and a fair and fundamental
trial under the 14th and 6th amendments of the U.S. Constitution.

Johnson v. Zerbst
        304 U.S. 458                                                27


Loper v. Beto
        92 SCt. 1014                                                25


Schneiderwind v. ANR Pipeline Co.
        485 U.S. 293                                                27


U.S. v. Blaylock
        20 F.3d 1458                                                26


U.S. v. Duran
        407 F.3d 828                                                26


U.S. v. Fountain
        101 SCt. 2335                                               27


U.S. v. Hicks
        748 F.2d 854                                                27


U.S. v. Syme
276 F.3d 131                                                        27


White v. Barnhart
        235 F.Supp. 2d 820                                          26

## VI.

It was prosecutional misconduct to coach and bolster the testi-
mony of a key state witness who was granted a deal to testify
against the petitioner; and the trial court exceeded the limit
of its jurisdiction by assuming the role of trier-of-fact con-
cerning the  truthfulness of said coached and bolstered testimony,
thereby making the process defective in a substantial form re-
quired by law and violating petitioner's rights to due process
and a fair and fundamental trial under the 14th and 6th amendments
of the U.S. Constitution.

Banks v. Dretke
    540 U.S. 696                                          29

Berger v. U.S.
    295 U.S. 78                                           29

Conception v. U.S.
    181 F.Supp. 2d 206                                    30

First National Bank v. U.S.
    102 F.2d 907                                          31

Florida Lime & Avacado Growers v. Paul
    337 U.S. 132                                          31

Johnson v. Zerbst
    304 U.S. 458                                          31

## VII.

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally sentenced petitioner on two armed robberies, both of which came from the same course of action and occurred during a single incident, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

Constitutional Law 48(3)                                    32

Fisher v. U.S.
    106 SCt. 66                                            33

Hines v. Davidowitz
    312 U.S. 52                                            33

Johnson v. Zerbst
    304 U.S. 458                                           33

Rice v. U.S.
    107 SCt. 78                                            33

U.S. v. Brown
    209 F.3d 1020                                          32

U.S. v. Chalan
    812 F.2d 1301                                          33

U.S. v. Collazo
    798 F.Supp. 513                                        33

U.S. v. Thomas
    757 F.2d 1359                                          33

U.S. v. Tucker
    404 U.S. 443                                           32

## VIII.

The Illinois State Legislature established a sentencing statute
that was (and still is) contrary to federal law as established
by the U.S. Supreme Court, and sentenced the petitioner there-
under, thereby violating the petitioner's rights to due process
and a fair and fundamental trial under the 14th and 6th amendments
of the U.S. Constitution.

28 U.S.C.A. 2254 (d)(1)-(2)                                    38

Ace Auto Body v. City of New York
     171 F.3d 765                                              40

Auburn v. Qwest Corp.
     260 F.3d 1160                                            40

Bell v. Wolfish
     441 U.S. 520                                             40

Boomer v. AT&T Corp.
     309 F.3d 404                                             40

Broad v. Sealaska Corp.
     85 F.3d 422                                              40

Constitutional Law 48(3)                                      37

Criminal Law 749, 1208.6(5)                                   37

Criminal Law 977(1)                                           37

Early v. Packer
     123 SCt. 362                                             38

Ex Parte Shiebold
     100 U.S. 371                                             39

Hamling v. U.S.
     418 U.S. 87                                              37

In Re Winship
     99 SCt. 2781                                         37, 38

Jackson v. Virginia
     99 SCt. 2781                                         37, 38

Johnson v. Zerbst
     304 U.S. 458                                             41

Jones v. U.S.
    119 SCt. 1215                                        36

K-S Pharmacies v. American Home Products
    962 F.2d 728                                          40

McMilan v. Pennsylvania
    106 SCt. 2411                                         37

Oto v. Metropolitan Life Insurance Co.
    224 F.3d 602                                          38

Statutes 241(2)                                           36

U.S. v. Gaudin
    113 SCt. 2078                                         39

U.S. v. Golden
    934 F.2d 1413                                         37

Williams v. Taylor
    529 U.S. 362                                          38

## JURISDICTIONAL STATEMENT

Petitioner, John Waldron, herein files this petition for a writ of habeas corpus by a person in state custody.  The district court's jurisdiction, and the statutory provisions believed to confer jurisdiction on this court are Habeas Corpus Actions 28 U.S.C.A. 2254 et seq., the requirements of 2241(c) and 2244(b)(2)(B)(ii).  The constitutional provisions conferring jurisdiction are the 14th and 6th amendments of the U.S. Constitution.  Pursuant to the statutory and constitutional and statutory provisions so stated, petitioner avers as follows:

1. (subject matter) Petitioner is being held in state custody in violation of the U.S. Constitution.

2. (custody) Petitioner is in state custody by virtue of unconstitutional state and federal actions and rulings.

3. (exhaustion of state remedies) Petitioner has exhausted his state court remedies on the issues presented herein.

4. (predicate) The factual predicate for all of petititoner's claims is presented through the exercise of due diligence, and the facts, if proven, and viewed in the light of the evidence as a whole, are sufficient to establish through clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying crime, had there been no constitutional error.

5. (decree review) The date of entry of the final Illinois Supreme Court judgment or degree sought to be reviewed is _5 - 20 - 08_ .

6. (notice) The filing date of this petition is in compliance with the one-year period of limitation as contained in 28 U.S.C.A. 2244(d)(2).

1

## DE NOVO REVIEW REQUESTED AND REQUIRED

Because the Illinois reviewing courts (a) have not ruled upon the merits of "all" of petitioner's issues, and (b) the decisions of the Illinois reviewing courts are contrary to clearly established federal law as established by the U.S. Supreme Court, and (c) through conviction affirmations, petition dismissals and leave-to-appeal denials the Illinois reviewing courts are in conflict with the spirit and the letter of the U.S. Constitution, petitioner requests a De Novo Review pursuant to 28 U.S.C.A. 2254(d)(1) and under the authority of U.S.C.A. Const. Art. 6, cl. 2 Supremacy Clause, and de novo Admin. Law 744.1 and Fed. Cts. 776.

Petitioner contends he is entitled to a de novo review and moves this Honorable Court to determine the issues herein with a fresh and independent determination of the matter at stake, with the court's inquiry not limited to, or constricted by, administrative record nor any deference due, or presumption of validity applied to the prior decisions of the Illinois reviewing courts.

<u>De Novo Review Authorities</u>

<u>Doe v. U.S.</u>, 821 F.2d 694, 261 U.S. App. D.C. 206 (1987) -- Admin. Law 744.1; Records 34. See also <u>Nants v. F.D.I.C.</u>, 864 F.Supp. 1211 (1994): Court shall determine the matter de novo, meaning a fresh and independent determination of the matter at stake; court's inquiry is not limited to, or constricted by, administrative record, nor is any deference due agency's conclusions. 5 U.S.C.A. 552a(d), (d)(2)(B)(i), (g)(2)(A).

<u>U.S. v. Brian</u>, 900 F.2d 218 (1990): In de novo review the court must review the record in light of its own independent judgment without giving special weight to the prior decisions -- Fed. Ct. 776.

## Supremacy Clause Authorities

The Supremacy Clause of the U.S. Constitution mandates that federal statutes and federal regulations properly promulgated pursuant to proper statutory authority takes precedence over state laws. -- U.S.C.A. Const. Art. 6, cl. 2.

Preemption of state law by federal law under Supremacy Clause of the U.S. Constitution can occur in several ways, including result of "conflict between federal and state law" (Schneidewind v. ANR Pipeline Co., 485 U.S. 293, 108 SCt. 1145 (1988); such conflict exists when it is "impossible to comply with both federal and state law" (Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43, 88 SCt. 1210, 1217-18 (1963); or when "state law stands as obstacle to accomplishment of full purposes and objectives of Congress" (Hines v. Davidowitz, 312 U.S. 52, 61 SCt. 399 (1941) -- U.S.C.A. Const. Art. 6, cl. 2.

Boomer v. AT&T Corp., 309 F.3d 404 (C.A.7 2002); Ace Auto Body & Towing Ltd. v. City of New York, 171 F.3d 765 (1999); and Broad v. Sealaska Corp., 85 F.3d 422 (1996): jointly hold that under "Supremacy Clause", federal law preempts state law either by express provision, by implication, or by conflict between federal and state law.


## WHY REVIEW IS WARRANTED

The decisions of the Illinois Appeal courts are contrary to clearly established federal law and U.S. Supreme Court law as defined by 28 U.S.C.A. 2254(d)(1), and are in conflict with the spirit and the letter of the U.S.Constitution.  A corollary can be found in the following:

A research study entitled "Exonerations in the United States, 1989 through 2003" supported by a grant from the Gideon Project of the Open Society Institute, concluded that the State of Illinois had a clear and dominate pattern of false convictions centered around murder, and that the Illinois judicial and appeal process was ill-equipped to determine guilt or innocence, especially in murder convictions that did not involve capital punishment.

## STATEMENT OF FACTS

The petitioner is presently incarcerated at Menard Correctional Center, Randolph County, Illinois. He was sentenced by the 19th Judicial Circuit Court of Lake County, Illinois on July 28, 1989 and has been continually incarcerated prior to, and after, conviction and sentencing.

The petitioner was charged by indictment and convicted on five counts. Count I. charged felony murder predicated upon armed robbery; Count II. charged intentional murder; Count III. charged knowing murder; Count IV. charged armed robbery of the decedent; and Count V charged the armed robbery of a victim.

The petitioner was given natural life sentences on Counts I., II. and III. Extended terms of sixty years each was handed down on Counts IV. and V., with said extended terms to run consecutively to the natural life sentences.

On direct appeal the 2nd District Appellate Court vacated Counts I. and III.: <u>People v. Waldron</u>, 219 Ill. App.3d 1017, 1046-47 (1991).

On collateral appeal the 2nd District Appellate Court reversed and modified Counts IV. and V. to run concurrent to the remaining Count II.: No. 2-05-0980, filed July 11, 2007.

On November 6, 2007 the 19th Judicial Circuit Court of Lake County, Illinois filed an amended "Judgment - Sentence to Illinois Department of Corrections". The amended mittimus was done without petitioner's presence, representation or notification. The amended mittimus reinstated the 1991 Counts I.

4

amd III. which had been vacated by the 2nd District Appellate
Court, with the reinstated counts justifying findings of "great
bodily harm" and consequent extended-term re-sentencing of the
petitioner.

During petitioner's trial, the prosecution knowingly intro-
duced false evidence (a videotape) without laying a proper foun-
dation and exposed the jury to same.

During petitioner's trial, the court used sentencing elements
that were unconstitutional as precedented by U.S. Supreme Court.
Further, the court allowed testimony of a witness who, admittedly,
was under the influence of illegal drugs; the court took on
the role of trier-of-fact in determining the truthfulness of
a key prosecutional witness' testimony; the court sentenced
petitioner under multiple convictions arising out of the same
act, being a single incident.

An Illinois sentencing statute that was contrary to clearly
established federal law was unconstitutionally used when sen-
tencing petitioner.

Because of the length of petitioner's incarceration, he
has endured numerous shakedowns and institutional transfers
which have consequently caused his the loss of, or institutional
destruction of, his trial transcripts.  He cannot, therefore,
include references to the record within this statement of facts.

## ISSUES PRESENTED FOR REVIEW

### I.

Did procedural ineffective assistance of trial counsel violate petitioner's right to due process and a fair and fundamental trial?

### II.

Did the trial court exceed the limit of its jurisdiction when it amended petitioner's sentence, thereby violating petitioner's due process rights under the 14th amendment of the U.S. Constitution?

### III.

Did the knowing introduction of false evidence constitute prosecutional misconduct and make the process defective in a substantial form required by law, in violation of petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution?

### IV.

Did the trial court exceed the limit of its jurisdiction when it sentenced petitioner to natural life and extended sentencing, thereby violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution?

### V.

Did the trial court exceed the limit of its jurisdiction when allowing testimony of a witness under the influence of drugs, and under defense objections, thereby violating petitioner's rights to due process and a fair and fundamental trial?

VI.

Did coaching and bolstering key state witness constitute prosecutional misconduct; and did the court exceed the limit of its jurisdiction when it assumed the role of trier-of-fact concerning truthfulness of said coached and bolstered testimony, thereby violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution?

VII.

Did the trial court exceed the limit of its jurisdiction by sentencing petitioner on charges which came from the same course of action and occured during a single incident, thereby violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution?

VIII.

Is the Illinois sentencing statute, as applied to petitioner, contrary to federal law as established by the U.S. Supreme Court, thereby violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution?

## SUMMARY OF ARGUMENTS

I.    Trial counsel failed to object to or preserve through posttrial
      motions five instances of trial court error, two instances of
      prosecutional misconduct, and an Illinois sentencing statute
      being unconstitutionally applied to petitioner.

II.   A trial court error concerning the unconstitutional resentencing
      of petitioner.

III.  A prosecutional misconduct error concerning the knowing intro-
      duction of false evidence -- a video tape.

IV.   Trial court error concerning the unconstitutional (original)
      sentencing of petitioner to natural life and extended terms.

V.    Trial court error concerning the allowance of testimony (under
      objection) of a witness who was admittedly under the influence
      of drugs at the time.

VI.   Both prosecutional misconduct and trial court error concerning
      the state's bolstering and coaching a key state witness and
      the court assuming role of trier-of-fact concerning the truth-
      fulness of said testimony.

VII.  Trial court error concerning multiple convictions and sentences
      stemming from the same course of action and occuring during
      a single incident.

VIII. An Illinois sentencing statute contrary to federal law being
      applied to petitioner.

ARGUMENTS

I.

**Procedural ineffective assistance of trial counsel violated the petitioner's right to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

The 6th amendment of the U.S. Constitution guarantees a right to counsel in every criminal case: <u>Johnson v. Zerbst</u>, 303 U.S. 458 (1938). The 6th amendment guarantees a fundamental right which is applicable to state criminal proceedings as a matter of due process of law under the 14th amendment: <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). The right to counsel includes the right to effective representation of counsel: <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

"Procedural ineffective assistance of counsel" is addressed to counsel's failure to preserve properly, at trial and through written posttrial motions, substantive errors or claims. Procedural ineffective assistance looks to the 6th amendment to avoid consequences of state law forfitures and waivers.

Petitioner's claim of ineffective counsel will show that counsel's actions were not supported by a reasonable strategy and that the following arguable errors were prejudicial, thereby establishing cause for procedural default.

Counsel failed to object or preserve through posttrial motions that the state failed to lay a proper foundation for admission of a videotape taken fromvideo surevilance system at gas station which was robbed.

Counsel failed to object or preserve through posttrial motions that consideration of a state witness' testimony should be stricken because she was under influence of drugs both at the time of the events to which she testified and during her trial testimony.

9

Counsel failed to object or preserve through posttrial
motions that the state bolstered the testimony of
one of its accomplice witnesses, and that the trial
judge assumed the role of trier-of-fact concerning
the truthfulness of said testimony.

Counsel failed to object or preserve through posttrial
motions the trial judge's consideration of elements
of the underlying offense(s) that increased the maximum
penalty imposed on petitioner, with said elements
not being charged in the indictment, submitted to
a jury, or proven beyond a reasonable doubt.

**Procedural Default, Fails to Object and Ineffective Assistance**
can be synonymous when counsel fails to object to proposed testi-
mony or evidence, then the defendant's procedural default and/or
failure to object can only be deduced from the ineffectiveness
and lack of any statement or act by counsel which would suggest
a reasonable strategy and/or a contrary position.

Herein, the evidence in this case was closely balanced,
with the principal points of contention being a videotape, wit-
ness credibility, bolstered testimony and serious bodily injury
being inherent in the offense of first-degree murder.  These
factors could have been key factors in the jury's decision to
find the petitioner guilty.

Gonzalez v. U.S., 967 F.Supp. 326 (1997): Ineffective assis-
tance of counsel qualifies as cause for failing to raise issues
on appeal, for purposes of determining issues. -- Const. Amend.
6, 28 U.S.C.A. 2255; Crim. Law 997.2.

Murray v. Carrier, 477 U.S. 478, 106 SCt. 2639 (1986):
The U.S. Supreme Court observed that cause would be established
by showing that state law forfitures and waivers were the result
of constitutionally ineffective assistance.

Further, the U.S. Supreme Court ruled in <u>Banks v. Dretke</u>, 540 U.S. 696, 124 SCt. 1256 (2004): A defendant has no procedural obligation, during his trial, to assert constitutional error on the basis of mere suspicion that some prosecutional or trial court error may have occured. Further, the state cannot urge such misconduct, then ask that the defendant suffer procedural default. This is not tenable in a system that is constitutionally bound to accord defendant's due process.

Still further, the U.S. Supreme Court ruled in <u>Massaro v. U.S.</u>, 123 SCt. 1690 (2003): The procedural default rule is neither a statutory nor a constitutional requirement, but is a doctrine adhered to by courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.

Requiring petitioner to suffer state law forfitures and waivers resulting in constitutionally ineffective assistance does not promote the objectives outlined in <u>Massaro</u>.

The two-prong standard of <u>Strickland</u> was meant to be applicable to defendants seeking reversal and/or remand due to ineffective assistance. Petitioner submits this argument (only) seeking adjudication of his constitutional violation claims, and as such believes the <u>Strickland</u> standards are thus, somewhat relaxed.

Petitioner respectfully requests that this Honorable Court find trial counsel's performance to be substandard and that, accordingly, the court will adjudicate all of his constitutional violation claims as presented in this petition.

11

II.

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally amended the petitioner's sentence, thereby violating the petitioner's due process rights under the 14th amendment of the U.S. Constitution.**

The petitioner in the instant case, John Waldron, was charged by indictment and convicted on five counts. Count I charged felony murder predicated upon armed robbery (Ill.Rev.Stat.1987, ch. 38, par. 9-1(a)(3); Count II charged intentional murder (Ill.Rev.Stat.1987, ch. 38, par. 9(a)(1); Count III charged knowing murder (Ill.Rev.Stat.1987, ch. 38, par. 9-1(a)(2); Count IV charged the armed robbery of the decedent, Thomas Goings (Ill.Rev.Stat. 1987, ch. 38, par. 18-2(a); and Count V charged the armed robbery of a victim, Thomas Hixon (Ill.Rev.Stat. 1987, ch. 38, par. 18-2(a).

The petitioner was given natural life sentences on Counts I, II and III. Extended terms of sixty years each was handed down on Counts IV and V, with said extended terms to run consecutively to the natural life sentences.

On direct appeal the Second District Appellate Court of Illinois vacated Counts I and III: <u>People v. Waldron</u>, 219 Ill. App.3d 1017, 1046-47 (1991).

On collateral appeal the Second District Appellate Court of Illinois reversed and modified Counts IV and V to run concurrent to the remaining count II: No. 2-05-0980, filed July 11, 2007 -- with Justice McLaren delivering the opinion of the court.

On November 6, 2007 Justice Victoria A. Rossetti of the
Circuit Court of the Nineteenth Judicial Circuit, Lake County,
Illinois filed an amended **"Judgment - Sentence to Illinois De-
partment of Corrections"**. This mittimus and amending of the
petitioner's sentence was done unconstitutionally, and without
his presence, with no representation or even notification.

(See Appendix I.) The amended sentencing reinstated the
1991 vacated counts I and III. Then the court used these rein-
stated counts to justify findings of "great bodily harm":

> "The Court further finds that the conduct leading to
> conviction for the offenses enumerated in counts 1, 2,
> 3, 4, 5 resulted in **great bodily harm** to the victim.
> (730 ILCS 5/3-6-3(a)(2)(iii)."

Petitioner asks this court to take judicial notice of the factual
predicate that the "victim" in this case, as charged in Count
V, was Thomas Hixon. Not only was Mr. Hixon not physically
harmed in any manner, but he certainly was not subjected to
"great bodily harm". Nor can the legally remaining Count II
and Count IV be used to justify great bodily harm as they pertain
to the decedent.

Further, the statutes governing the commission of the under-
lying offense (Ill.Rev.Stat.1987, ch. 38) only allowed for a
serving of 50% of petitioner's sentence, not the 100% ordered
by the amended sentencing under ILCS codifications.

The ex post facto application of ILCS codifications to
Ill.Rev.Stat. is unconstitutional. <u>Miller v. Florida</u>, 482 U.S.
423, 430, 107 SCt. 2446, 251: An Ex Post Facto law is one that
is retroactively applied, effects substantial rights and dis-
advantages the defendant.

13

The resentencing order of Justice Rossetti is a "void order", and as such may be attacked at any time or in any court, either directly or collaterally. The resentencing was imposed without statutory authority and is, therefore, not subject to the petitioner's forfeiture.

In resentencing the petitioner without his presence, any legal representation or even notification, the court violated the petitioner's due process rights. Swank v. Smart, 898 F.2d 1247 (C.A.7 1990): Due process requires that litigants be given notice and an opportunity to respond. -- U.S.C.A. Const. Amend. 5. Divane v. Krull Electric Co., Inc., 194 F.3d 845 (C.A.7 1999): A defendant without notice or the opportunity to respond has his due process rights violated. -- U.S.C.A. Const. Amend. 14.

With respect to modifying the petitioner's sentencing from 50% to 100% (to be served) and then reinstating priorly vacated sentences so that "great bodily harm" could be incorporated therein, the petitioner cites the U.S. Supreme Court decision in Weaver v. Graham, 450 U.S. 24, 28: Courts may not modify or alter the ingredients or make up of a charge to a defendant's detriment, nor increase the punishment for conduct prior to that law's inactment; nor can the court search for any subtle or not readily apparent intentions of the legislature.

The trial court's unconstitutional modifications to petitioner's amended sentencing not only violated his due process rights but constituted a "void decree". **A void decree has no legal effect.**

This jurisdictional defect demands immediate release under the "Supremacy Clause" of the U.S. Constitution, because it creates a conflict between federal and state law: <u>Schneidewind v. ANR Pipeline Co.</u>, 485 U.S. 293, 108 SCt. 1145.

Further, this jurisdictional defect demands immediate re-lease because it violated the federal constitutional require-ments of due process. See <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 SCt. 1019. The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which require this Honorable Court to order him discharged from custody forthwith.

## III.

**It was prosecutional misconduct to knowingly introduce false
evidence (a videotape) and to further expose the jury to same,
absent a proper foundation, thereby making the process defective
in a substantial form required by law and violating petitioner's
rights to due process and a fair and fundamental trial under
the 14th and 6th amendments of the U.S. Constitution.**

Over seventy years ago the United States Supreme Court
held that due process of law under the 14th Amendment cannot
tolerate a state criminal conviction obtained, either partially
or wholly, by the knowing use of false evidence: Mooney v. Holohan,
294 U.S. 103 (1935). Seven years later the Court held that
a state prisoner stated a valid due process claim when he set
forth allegations that his imprisonment resulted from false
evidence knowingly used by state authorities to obtain his convic-
tion: Pyle v. Kansas, 317 U.S. 231, 214-216 (1942). The U.S.
Supreme Court has never deviated from the fundamental principal
enunciated in those cases that due process cannot tolerate a
conviction obtained by "any form", partially or wholly, of false
evidence: Napu v. Illinois, 360 U.S. 264 (1959); Miller v. Pate,
386 U.S. 1 (1967).

In the case at bar, the state knowingly introduced false
evidence (labeled exhibit #50), being a poorly reproduced copy
of a video tape taken from the video surveillance system at
a gas station which was robbed.

Even though the prosecution knew in advance that the quality
of the video was such that it did not depict the petitioner,
in any identifiable form, shooting one attendant and robbing
another, the state informed the jury that the blurry perpetrator

16

therein was, in fact, the petitioner; and that after robbing
and shooting one attendant he robbed a second attendant.

The black and white video tape was so poorly reproduced
that in order to further prejudice the jury against the peti-
tioner, various 8 X 10 close-up color photographs of the decedent,
lying in a pool of blood, were used to supplement the video.

The video was arguably prejudicial and the color photo-
graphs arguably more prejudicial.

This unduly prejudicial evidence was a due process violation,
and was further presented without foundation.  The only attempt
by the state to lay a foundation for the video was through the
testimony of Officer Rodney Brown.  However, Brown could not
verify on the basis of personal knowledge that the video-taped
evidence accurately represented the events which occurred at
the gas station.

Giglio v. U.S., 405 U.S. 150, 153 (1972): The prosecution
cannot knowingly allow false evidence or false testimony to
stand uncorrected.  This is incompatible with the rudimentary
demands of justice.  Phillips v. Woodford, 267 F.3d 966 (2001):
Presentation of false evidence violates due process. -- Const.
Amend. 14.  U.S. v. Caballero, 277 F.3d 1234 (2002): A prosecutor
who knowingly presents false evidence violates due process,
regardles of whether the evidence is relevant to substantive
issues or to witness credibility only. -- U.S.C.A. Const. Amend. 5.
U.S. v. Baylock, 20 F.3d 1458 (1994): Evidence cannot be pre-
sented during a criminal trial without laying a foundation for
doing so.

Through the power of suggestion and deception the prosecution swayed the jury into believing the blurry video was the petitioner in the act of shooting the decedent.  When, in actuality, the video did not prove or disprove the disputed fact or render the matter or issue more or less probable.

The state knowingly presented false evidence to secure a conviction and not to seek finding the truth of law that justice shall be done: <u>Berger v. U.S.</u>, 295 U.S. 78, 88 (1935).

It has long been established that prosecution's "deliberate deception of a court and jurors by presentation of known false evidence is incompatible with the rudimentary demands of justice.: <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972).

Herein, petitioner contends that he is being illegally detained through false evidence, either partially or wholly, and that in accord with <u>Brownstein v. Director, Illinois Dept. of Corrections</u>, 760 F.2d 836 (C.A.7 1985): A writ of habeas corpus is intended to set free those illegally detained.

Petitioner is entitled to due process during habeas proceedings. -- U.S.C.A. Const. Amend. 14: <u>Moran v. McDaniel</u>, 80 F.3d 1261 (1996); and the judgement of the trial court may be deemed void since the court that rendered the judgement acted in a manner inconsistent with due process of law. -- U.S.C.A. Const. Amend. 5; Fed. Rules Civ. Proc. Rule 60(b)(4), 28 U.S.C.A.: <u>Grun v. Pneumo Abex Corp.</u>, 163 F.3d 411 (C.A.7 1998).

This jurisdictional defect demands immediate release under the "Supremacy Clause" of the U.S. Constitution, because it

creates a conflict wherein it is impossible to comply with both federal and state law: <u>Florida Lime & Avocado Growers, Inc. v. Paul</u>, 373 U.S. 132, 142-43, 88 SCt. 1210, 1217-18.

Further, this jurisdictional defect demands immediate release because it violated the federal constitutional requirements of due process.  See <u>Johnson v. Zerbse</u>, 304 U.S. 458, 58 SCt. 1019.  The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which require this Honorable Court to order him discharged from custody forthwith.

IV.

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally applied natural life and extended sentencing to petitioner, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

The 1999 U.S. Supreme Court decision in <u>Jones v. U.S.</u>, 119 SCt. 1215 and the 2000 U.S. Supreme Court decision in <u>Apprendi v. New Jersey</u>, 120 SCt. 2348 firmly establish that, <u>with the exception of prior convictions</u>, facts which increase the maximum punishments are elements of the offense. However, these U.S. Supreme Court precidents <u>were not</u> in effect at the time the underlying offenses were committed; nor have <u>Jones</u> or <u>Apprendi</u> been deemed retroactive. The petitioner is therefore protected under the due process and ex post facto clauses of the U.S. Constitution from arbitrary and vindictive use of these laws' interpretations.

The laws and precedent that <u>were</u> in effect and applicable to the underlying offenses deemed that due process required all elements of a crime be determined by a trier-of-fact -- i.e., the jury -- and were to be alleged in the charge as well as proven at trial under the reasonable doubt standard: <u>U.S. v. Gaudin</u>, 515 U.S. 506; <u>Hamling v. U.S.</u>, 418 U.S. 87.

Put simply, the existence of any fact that increases the maximum punishment that may be imposed on a defendant, that fact -- no matter how the state labels it -- constitutes an element of the offense, and must be found by a jury beyond a reasonable doubt.

The controling distinction between power of the court and power of the jury is that the former has the power to determine law and the latter to determine the facts.  It is the jury, not the court, which constitutes the trier-of-fact body.

The factors considered by the judge in the aggravation and mitigation stage of sentencing fell within the domaine of the jury, under the existing law at the time, and the resulting natural life and extended sentencing canot stand because the court assumed the role of trier-of-fact.

THE COURT: The defendant has a history of prior criminal activity ... I reject the theory that great bodily infury is inherent in the offense of first-degree murder ... defendant's lack of rehabilitative potential and his leadership role in the crimes charged ... under the law and the fact that this is murder committed in the commission of a forcible felony, extended terms and natural life is available for the offense.

Any possible distinction between "element" of a felony offense and a "sentencing factor" was unknown to the practice of criminal indictment, trial by jury, and judgment by the court as it existed during the years surrounding our Nation's founding -- i.e., "After trial and conviction are past, the defendant is submitted to judgment by the court:" 4 Blackstone 368 (the stage approximating in modern terms the imposition of sentence).

A fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to the jury and proven by the Government beyond a reasonable doubt.

When a jury determination has not been waived, (as is evident in the instant case) judicial fact-finding by preponderance does not support the application of a provision that increases the potential severity of the penalty for a variant of a given crime.

Diminishment of the jury's significance by removing control over facts determining a sentencing range resonates with controversies and raises a genuine Sixth Amendment issue.

Any significant increase in punishment, under the controling laws and precedent in effect at the time the offense was committed, triggered a constitutional "element" requirement.

When case law and statutes in effect at the time the offense was committed are retroactively and judicially expanded, and not checked by the due process and ex post facto clauses of the U.S. Constitution, then the judiciary acquires unfettered power to retroactively enlarge sentencing enhancement at will -- i.e., the courts would be free to act as superlegislatures -- and this cannot be tolerated in a system bound to accord the defendant's due process rights.

It would be _anomalous_ to hold on the one hand that there were due process limits to a court's ability to retroactively expand case law and statutes in effect at the time the offense was committed concerning the defendant's guilt of an offense ... yet on the other hand conclude that courts are free to retroactively expand case law and statutes in effect at the time the offense was committed concerning sentencing enhancement which increases the maximum penalty for an offense.

22

In <u>Sattazahna v. Pennsylvania</u>, 537 U.S. 101 the court said
they could think of no principled reason to distinguish between
what constitutes an offense for purposes of the 6th Amendment's
jury-trial guarantee and what constitutes an offense for purposes
of the 5th Amendment's double jeopardy clause.  Likewise, the
petitioner contends that there can be no principled reason to
distinguish between what is an element of an offense for the
purpose of the 6th Amendment's jury-trial guarantees during
the time the offense was committed, and what constitutes an
element of an offense during sentencing, for purposes of the
"due process" clause of the U.S. Constitution.

This jurisdictional defect demands immediate release under
the "Supremacy Clause" of the U.S. Constitution, because state
law stands as an obstacle to accomplishment of full purposes
and objectives of Congress: <u>Hines v. Davidowitz</u>, 312 U.S. 52,
61 SCt. 399.

Further, this jurisdictional defect demands immediate re-
lease because it violated the federal constitutional require-
ments of due process.  See <u>Johnson v. Zerbst</u>, 304 U.S. 458,
58 SCt. 1019.  The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising
of his federal rights, de novo, which require this Honorable
Court to order him discharged from custody forthwith.

**V.**

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally allowed the jury to hear the testimony (under objection) of a witness who was not only under the influence of drugs at the time she was giving testimony, but admittedly was under the influence of drugs at the time she witnessed the underlying crimes of which she was giving testimony, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

The trial court improperly allowed the jury to consider the testimony of an incompetent witness. Specifically, the trial court erred in denying petitioner's motion to exclude Daun Milne's testimony since she was under the influence of drugs both during the time she observed the events surrounding the crime and while giving testimony at trial.

Denense counsel elicited the following from Ms. Milne:

**MR. STEPANICH** (defense attorney): Have you used any (cocaine) now, before you testified here this morning?

A. Um-yeah.

Q. Okay. How long ago did you use the cocaine?

A. Well, what's it ... Do I have to answer this?

**THE COURT:** Yes, you do.

A. Well, god, I did some, you know, last week; I did some yesterday, you know.

At the conclusion of cross-examination, defense counsel made a motion, based on Ms. Milne's words and actions during her testimony that she was under the influence of drugs and that her testimony should be stricken.

In addressing the issue the court said that the credibility of the witness was for the jury to decide and the motion was denied.

There is little dissent from the general proposition that
at least some crimes are relevant to witness credibility: <u>Loper</u>
<u>v. Beto</u>, 92 SCt. 1014.  In light of this the trial court errored
in not striking Ms. Milne's testimony and instructing the jury
to disreguard it.  Simply ruling that her testimony was a question
of weight, not of admissibility and laying the burden of credi-
bility upon the jury, belies the mandate of <u>Lee v. U.S.</u>, 343
U.S. 747, 757 (1952): This court has counseled repeatedly the
careful use of jury instruction.

If nothing else but common sense prevails here, it can
be readily seen that a witness who witnessed a crime while under
the influence of drugs and then testified to that witnessing
while under the use of drugs, and admittedly had been under
the influence of drugs repeatedly since the indident and before
her testimony, has absolutely no credibility whatsoever!  This
is <u>not</u> a question of weight, or admissibility, or credibility.
This testimony should never have happened and certainly should
never have been condoned and left to stand by the court.

The question herein is whether the trial court correctly
applied the law, and this decision is not dependent upon fact
or credibility determinations -- the standard of review, there-
fore, is de novo.

The record clearly shows that Ms. Milne took drugs solely
for her own personal gain, and these drugs had no relevance
to the issue at hand other than to taint and cloud her testimony.

The trial court's position on Ms. Milne's testimony is curious: i.e., ...a question of weight not admisibility?  ...leave it up to the jury to decide credibility?

Ms. Milne's drug-induced testimony is of dubious believ-ability  at best, and falls short of proving or even weighing-in on petitioners guilt.  Her story is tainted and her motivations are self-serving since her admitted criminal activity did not bring about any reprocussions providing she testify against the petitioner.

There was no relevance to Ms. Milne's testimony.  U.S. v. Duran, 407 F.3d 828: Testimony is relevant if it has some tendency to make the existence of fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. --opinion after remand 169 Fed. Appx. 483 (C.A.7 2005), Fed. Rules Evid. Rule 402, 28 U.S.C.A.  U.S. v. Blaylock, 20 F.3d 1458: Before testimony can be found relevant, court must find that it has foundation.

The trial court's position violated petitioner's due process rights.  Although a court's judgment may be justified on the merits, this does not obviate the due process requirements of a fair trial: White v. Barnhart, 235 F.Supp. 2d 820.

The defense asked that Ms. Milne's testimony be stricken and the jury instructed accordingly.  The court refused.  However, upon proper request, a defendant is entitled to an instruction submitted to the jury on any reason for which there is a foundation

in the evidence: <u>U.S. v. Hicks</u>, 748 F.2d 854; <u>U.S. v. Fountain</u>, U.S. 993, 101 SCt. 2335 (1991).

The court's denial of properly requested jury instruction made petitioner's conviction legally invalid.  <u>U.S. v. Syme</u>, 276 F.3d 131 (2002): A criminal conviction is legally invalid if the court's jury instructions (or lack thereof) are based on an erroneous interpretation of law.

This jurisdictional defect demands immediate release under the "Supremacy Clause" of the U.S. Constitution, because it creates a conflict between federal and state law: <u>Schneidewind v. ANR Pipeline Co.</u>, 485 U.S. 293, 108 SCt. 1145.

Further, this jurisdictional defect demands immediate release because it violated the federal constitutional requirements of due process.  See <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 SCt. 1019.  The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which require this Honorable Court to order him discharged from custody forthwith.

## VI.

**It was prosecutional misconduct to coach and bolster the testimony of a key state witness who was grated a deal to testify against the petitioner; and the trial court exceeded the limit of its jurisdiction by assuming the role of trier-of-fact concerning the truthfulness of said coached and bolstered testimony, thereby making the process defective in a substantial form required by law and violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

The state unfairly bolstered the testimony of one of its key witnesses. Specifically, the state improperly coached and bolstered the credibility of Paul Eshom by eliciting the fact that he had, as part of his plea-bargain arrangement, agreed to testify against the petitioner, and that the trial judge would determine if Mr. Eshom was telling the truth. Petitioner points to the following testimony:

MR. WALLER (assistant State's Attorney): Mr. Eshom, you are a defendant in this case, is that correct?

A. That's right.

Q. Have you, prior to today's date, entered a plea in this case?

A. Yes, plea of guilty.

Q. What charge did you plead guilty to?

A. First degree murder.

Q. And was that in return for a promise that you would receive a specific sentence?

A. Yes.

Q. What was that promise?

A. Sentence of 20 years.

Q. And in return for receiving that sentence of 20 years in the penitentiary, do you have any promises that you have to fill?

A. Just to get up here and <u>tell the truth</u>.

Q. And who is going to determine if you told the truth?

A. The judge is.

Herein we have a two-fold due process and fundamentally fair trial violation.

First off, by coaching the witness through leading questions that ended in his declaring under oath that he was going to tell the truth, and bolstering same by admitting the state had granted him a "minimum" murder sentence, the prosecution gave the jury the inference that anything Mr. Eshom said was the gospel truth, and anything to the contrary would be lies to thwart the prosecution's <u>stated truths</u>.

This type of prosecutional misconduct falls just short of witness tampering in an effort to seek merely a conviction instead of seeking proof beyond a reasonable doubt of petitioner's guilt. <u>Berger v. U.S.</u>, 295 U.S. 78, 88: The prosecution should not seek merely a conviction, but instead seek finding the truth of law that justice shall be done.

Throughout the years the U.S. Supreme Court has "insisted" on the prosecution seeking the truth in criminal trials: <u>Banks v. Dretke</u>, 540 U.S. 696, 124 SCt. 1256 (2004): We have several times underscored the "special role played by the American prose- cutor in search for truth in criminal trials." <u>Strickler</u>, 527 U.S. at 281, 119 SCt. 1936; accord <u>Kyles</u>, 514 U.S., at 439-40, 115 SCt. 1555; <u>U.S. v. Bagley</u>, 473 U.S. 667, 675, n.6, 105 SCt. 3375 (1985); <u>Berger</u>, 295 U.S. at 88, 55 SCt. 629. See also <u>Olmstead v. U.S.</u>, 277 U.S. 438, 484, 48 SCt. 564 (1928). Courts,

litigants and juries properly anticipate that "obligation (to refrain from improper methods to secure a conviction) ... plainly rest(ing) upon the prosecuting attorney, will be faithfully observed." <u>Berger</u>, 295 U.S. at 88, 55 SCt. 629. Prosecutor's dishonest conduct or unwarrented concealment should attract no judicial approbation. See <u>Kyles</u>, 514 U.S. at 440, 115 SCt. 155. ("The prudence of the careful prosecutor should not ... be discouraged.")

As if this was not enough to trigger a due process and fair trial violation, the prosecution elicited from Mr. Eshom that the trial judge would be determining the truthfullness of his testimony, which implied if the trial judge did not stop the testimony then it must be the truth; and since, in fact, the trial judge did not stop the testimony, then the jury could not help but come to the conclusion that it was a truthfull testimony from beginning to end.

Unbeknownst to the jury, and being uninformed by either the prosecution or the trial court, it is not the judge who is the one who determines truth in testimony, as this is the sole territory of the jury. For a trial judge not to know this basic separation of judicial powers, and not to inform the jury of same, is unthinkable, and a jurisdictional defect of "structural error" magnitude. <u>Conception v. U.S.</u>, 181 F.Supp. 2d 206 (2002): A structural error requires "automatic reversal" because it involves a "deprivation of a constitutional protection" so basic that, in its absence, a criminal trial cannot reliably serve

its function as a vehicle for determination as fundamentally
fair. -- Crim. Law 1162.

The power of the court to determine law (only) and the
power of the jury to determine truth and facts is deeply embedded
in American jurisprudence. First National Bank v. U.S., 102
F.2d 970: Under common law, a judge may not judicially become
trier of facts or truth, since that is the exclusinve province
of the jury.

This jurisdictional defect demands immediate release under
the "Supremacy Clause" of the U.S. Constitution, because it
creates a conflict wherein it is impossible to comply with both
federal and state laws: Florida Lime & Avocado Growers, Inc.
v. Paul, 373 U.S. 132, 142-43, 88 SCt. 1210, 1217-18.

Further, this jurisdictional defect demands immediate re-
lease because it violated the federal constitutional require-
ments of due process. See Johnson v. Zerbst, 304 U.S. 458,
58 SCt. 1019. The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising
of his federal rights, de novo, which requires this Honorable
Court to order him discharged from custody forthwith.

## VII.

**The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally sentenced petitioner on two armed robberies, both of which came from the same course of action and occurred during a single incident, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

When multiple convictions are had for offenses arising out of the same act, the rule is that only the most serious offense can stand.

Herein the case at bar has the petitioner convicted and sentenced for first degree murder and two counts of armed robbery which arose out of the same course of action, being a single incident. A court cannot impose multiple sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective.

Although judges have long exercised discretion in sentencing, such discretion has been bound by the range of sentencing options prescribed by the legislature. See, e.g., <u>U.S. v. Tucker</u>, 404 U.S. 443, 447, 92 SCt. 589, 30 LEd. 2d 592.

<u>Constitutional Law 48(3)</u>: Where sentencing is susceptible to two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, it is the duty of the court to adopt the latter, out of respect for Congress, which is assumed to legislate in the light of constitutional limitations.

<u>U.S. v. Brown</u>, 209 F.3d 1020 (C.A.7 2000): Within federal guidelines offenses are related and not to be counted separately

if the crimes are part of a single course of action, or if one crime entails the commission of the other. -- U.S.S.G. 4A1.2(a)(2), comment. (N.3); 18 U.S.C.A.; Sent. & Pun. 796.

Similar to the murder/armed robbery convictions and sentences of the petitioner, U.S. v. Chalan, 812 F.2d 1301 (1987) ruled that felony-murder and robbery constituted "single offense". -- 18 U.S.C.A. 924(c), 1111, 2111; U.S.C.A. Const. Amend. 5.

In the case at bar, the petitioner received cumulative punishment. However, cumulative punishment is forbidden if Congress did not aim to punish each statutory violation separately: U.S. v. Thomas, 757 F.2d 1359 (1985). See also Fisher v. U.S., 106 SCt. 66, 474 U.S. 819; and Rice v. U.S., 107 SCt. 78, habeas corpus granted in part, 6 F.Supp. 2d 254.

U.S. v. Collazo, 798 F.Supp. 513 (1992): While it is true that sentencing courts generally have discretion to impose sentences, sentencing guidelines curtail that discretion in the interests of uniformity.

This jurisdictional defect demands immediate release under the "Supremacy Clause" of the U.S. Constitution, because state law stands as an obstacle to accomplishment of full purposes and objectives of Congress: Hines v. Davidowitz, 312 U.S. 52, 61 SCt. 399.

Further, this jurisdictional defect demands immediate release because it violated the federal constitutional requirements of due process. See Johnson v. Zerbst, 304 U.S. 458, 58 SCt. 1019. The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which requires this Honorable Court to order him discharged from custody forthwith.

## VIII.

**The Illinois State Legislature established a sentencing statute that was (and still is) contrary to federal law as established by the U.S. Supreme Court, and sentenced the petitioner thereunder, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.**

The Constitution of the United States is an organic document, in that it is ever-growing and ever-evolving. Foreseeing this, the framers of the Constitution vested the legislature with the power to pass these expanding laws and the judiciary with the authority to tenably apply the evolving nature of a government of laws, rather than men -- a system constitutionally bound to accord a defendant's due process.

The petitioner was sentenced under the Illinois Statute 1005-8-1(a)(1)(b), which states:

> 1005-8-1: Sentence of imprisonment for felony, (a) Except as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this section, according to the following limitations:
>
> (1) For first degree murder, (a) a term shall not be less than 20 years and not more than 60 years, or (b) if the court finds (emphasis added) that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of section 9-1 of the criminal code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment.

The court, on its own volition and findings, sentenced the petitioner to natural life:

**THE COURT:** The defendant has a history of prior criminal activity ...(and)... I reject the theory that great bodily injury is inherent in the offense of first-degree murder ...(and)...

35

defendant's lackof rehabilitative potential ...(and)... his
leadership role in the crimes charged ...(and)... under the
law and the fact that this is murder committed in the commission
of a forcible felony, extended terms ...(and)... natural life
is available for the offense.

From the way the court "strung-out" the sentencing of the
petitioner, and under the authority of ILCS 1005-8-1(a)(1)(b),
it is clear that petitioner's natural life sentence was handed
down by <u>a preponderance of evidence</u> and said factors were "not"
submitted to a jury for proof beyond a reasonable doubt.

The petitioner did not waive a jury trial, and when a jury
determination has not been waived, judicial fact-finding by
preponderance does not support the application of a provision
that increases the potential severity of the penalty for a variant
of a given crime: <u>Jones v. U.S.</u>, 119 SCt. 1215.

Dimishment of the jury's significance by removing control
over facts determining a statutory sentencing range resonates
with controversies and raises a genuine 6th Amendment issue:
<u>Jones</u>, Id., 1226.

The Illinois statute involved herein treats numerous ele-
ments of an offense as penalty aggravators and in its lack of
clarity makes the trial judge the trier-of-fact.  Two U.S. Con-
stitutional laws are relevant here:

<u>Statutes 241(2)</u>: If a given statute is unclear about treating
a particular fact as an element of the offense or as a penalty
aggravator, it makes sense to look at what other statutes have
done, on the fair assumption that Congress is unlikely to intend

any radical departures from past practice without making a point
of saying so.

Constitutional Law 48(3): Where a statute is susceptible
of two constructions, by one of which grave and doubtful consti-
tutional questions arise and by the other of which such questions
are avoided, duty of the court is to adopt the latter, out of
respect for Congress, which is assumed to legislate in the light
of constitutional limitations.

So ... just what have other statutes done ... in particular
statutes that were in effect at the time the underlying offense
occurred? Criminal Law 977(1): Judge's role in sentencing is
constrained as its outer limits by facts alleged in indictment
and found by jury. Criminal Law 749, 1208.6(5): ...any fact
that increases penalty for crime beyond prescribed statutory
maximum must be sumitted to jury, and proved beyond a reasonable
doubt. In Re Winship, 90 SCt. 1068 (1970) and Jackson v. Virginia,
99 SCt. 2781 (1975): The 14th Amendment right to due process
and the 6th Amendment right to trial by jury, taken together
entitle a criminal defendant to a jury determination that he
is guilty of every element of the crime with which he is charged,
beyond a reasonable doubt. McMilan v. Pennsylvania, 106 SCt.
2411: A state scheme (statute) that keeps from the jury facts
exposing defendants to greater or additional punishment may
raise serious constitutional concerns ... constitutional limits
exist to state's authority to define away facts. Hamling v.
U.S., 418 U.S. 87 (1985): Elements of a crime must be alleged
in the charge as well as proven at trial. U.S. v. Golden, 934

F.2d 1413: Appeals of post offense sentencing guideline statutes
violate Ex Post Facto prohibitions if statute operates retro-
spectively and disadvantages offender affected by it.

The jurisdictional defect caused by subjecting petitioner
to a statute not in effect when the alleged offense occurred
is fatal, rendering the entire instrument invalid and warranting
reversal of conviction for offense.  Further, this jurisdictional
defect has long been held a substantive defect and codified
as such since 1963.  Not to prosecute and sentence the accused
under the statutes in effect at the time the alleged offense
occurred, violates the federal constitution.

Winship and Jackson were mandated upon state courts because
they specifically required the observance of special procedures
to assure compliance with the dictates of the federal constitu-
tion.  In spite of this, the Illinois Legislature enacted ILCS
1005-8-1, which is clearly contrary to established federal law
as established by the U.S. Supreme Court: 28 U.S.C.A. 2254(d)
(1)-(2).  See also Williams v. Taylor, 529 U.S. 362; Early v.
Packer, 123 SCt. 362; and Oto v. Metropolitan Life Insurance
Co., 224 F.3d 602 (C.A.7 Ill. 2000) -- Fed. Rules Civ. Proc.
Rule 59, 28 U.S.C.A.

At stake in this case are constitutional protections of
surpassing importance: the proscription of any deprivation of
liberty without "due process of law" (Amendment 14) and the
guarantee that in all criminal prosecutions, the accused shall
enjoy the right to a speedy and public trial by an impartial
jury (Amendment 6).  Taken together, these rights indisputably

entitle a criminal defendant to a jury determination that he
is guilty of every element of the crime with which he is charged,
beyond a reasonable doubt.  See U.S. v. Gaudin, 113 SCt. 2078
(1970).  The Due Process Clause protects the accused against
convictions except upon proof beyond a reasonable doubt of every
fact necessary to constitute the crime which he is charged.
Gaudin, Id., 2155-56.

In all the foregoing law enactments and case precedents
the challenged statute was found to be constitutionally deficient
and relief was required.

In the case at bar, the Illinois Legislature chose to es-
tablish a sentencing statute that was contrary to U.S. Supreme
Court precedent -- a statute that did not require "every element"
of said offense to be submitted to a jury for a determination;
a statute that relied upon a standard of proof based upon a
preponderance of the evidence and not proof beyond a reasonable
doubt -- standards that were clearly established and enacted
by the U.S. Supreme Court long before Apprendi (which has, to
this day, "not" been made retroactive).  This Illinois sentencing
statute is "still in effect" and clearly exists under "juris-
dictional defect" -- therefore making it void and no law at
all.  See Ex Parte Shiebold, 100 U.S. 371 where the court held
that a prisoner could properly raise on habeas corpus the claim
that the statute under which he was convicted violated the U.S.
Constitution.

Under the "Supremacy Clause", state courts are obligated
to apply and adjudicate federal claims fairly presented to them:

the Illinois reviewing courts have chosen to ignore federal
and U.S. Supreme Court precedent and the Supremacy Clause by
default -- i.e., choosing not to address federal claims presented
to them.

City of Auburn v. Qwest Corp., 260 F.3d 1160 (2001); Boomer
v. AT&T Corp., 309 F.3d 404 (C.A.7 Ill. 2002); Ace Auto Body
& Towing Ltd. v. City of New York, 171 F.3d 765 (1999); and
Broad v. Sealaska Corp., 85 F.3d 422 (1996): jointly hold that
under Supremacy Clause, federal law prempts state law either
by express provision, by implication, or by conflict between
federal and state law.

Petitioner's jurisdictional defect claim is further supported
and benchmarked by K-S Pharamacies v. American Home Products,
296 F.2d 728 (C.A.7 Ill. 1992) and Bell v. Wolfish, 441 U.S.
520 (1979) which, respectively, allows federal courts to inter-
pret state law, and commands all state governments to comply
with the federal constitution.

Petitioner's sentencing is replete with constitutional
violations under federal law.  This court must not hesitate
to execute its primary function -- i.e., to "defend the Con-
stitution of the United States" by using its inherent authority,
and void the petitioner's sentence and judgement.  This is the
"only" viable constitutional final judgement available.  The
jurisdictional defect clause is clear -- once a defendant's
due process rights have been violated the state loses all juris-
diction to prosecute.

An unconstitutional conviction and/or sentencing creates a "due process" jurisdictional defect wherein it is illegal and demands immediate release under the "Supremacy Clause" of the U.S. Constitution, because there is a conflict between federal and state law (<u>Schneidewind v. ANR Pipeline Co.</u>, 108 SCt. 1143) that makes it impossible to comply with both federal and state law (<u>Florida Lime & Avocado Growers, Inc. v. Paul</u>, 88 SCt. 1210) and the state law/statute/conviction stands as an obstacle to accomplishment of full purposes and objectives of Congress (<u>Hines v. Davidowitz</u>, 61 SCt. 399.

Further, this jurisdictional defect demands immediate release because it violated the federal constitutional requirements of due process.  See <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 SCt. 1019.  The trial court has lost all jurisdiction.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which requires this Honorable Court to order him discharged from custody forthwith.

## CONCLUSION

As refers to any contention on the part of the state that the petitioner has waived his right to appeal any of the issues herein, petitioner counter-argues and shows "cause" for procedural default and/or state law forfitures as follows:

Gonzalez v. U.S., 967 F.Supp. 326 (1997): Ineffective assistance of counsel qualifies as cause for failing to raise issues during trial or on appeal.

Gomez v. Aceved, 166 F.3d 192 (C.A.7 1999): Habeas corpus review is precluded only by procedural forfeitures, not res judicata concerns.

Townsend v. Sain, 83 SCt. 745, 372 U.S. 293: The opportunity for redress against state detention in violation of fundamental liberties safeguarded by the federal constitution, presupposes the opportunity to be heard, to argue and to present evidence and must never be totally foreclosed.

The petitioner has shown through federal and U.S. Supreme Court precedent that:

(a) Trial counsel was ineffective;
(b) The trial court exceeded the limit of its jurisdiction on several occassions;
(c) The process by which the petitioner is incarcerated is defective in a substantial form as required by law;
(d) The petitioner's constitutional rights to due process and a fair and fundamental trial have "indisputably: been violated;
(e) Immediate release is the only viable recourse for the jurisdictional defects proven herein.

Accordingly, petitioner respectfully demands the exercising of his federal rights, de novo, which requires this Honorable Court to defend the Constitution of the United States and order him discharged from custody forthwith.

42

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C.A. 1746 and 18 U.S.C.A. 1621 I declare under penalty of perjury that the foregoing Memorandum of law herein contained is true and correct to the best of my knowledge.

John Waldron
Reg. No. N23690
P.O. Box 711
Menard, IL 62259-0711

## NOTICE AND PROOF OF SERVICE

Please take notice, that I, John Waldron, did serve the original and two copies of this Memorandum of Law in Support of Petition for Relief from State Conviction to:

Clerk, United States District Court
for the Northern District of Illinois
Eastern Division
219 South Dearborn, 20th Floor
Chicago, IL 60604

by enclosing same in sealed envelopes, plainly addressed and deposited in the receptacle designated for U.S. Mail at Menard Correctional Center, together with appropriate requests to prison officials to affix fully prepaid postage thereon.

Date: 5-30-08

John Waldron

**A P P E N D I X**

All materials as required

by Circuit Rule 30(a)(b)

are included.

**APPENDIX I**


AMENDED
JUDGMENT - SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS


Entered and Filed
November 6, 2007
by
Justice Victoria A. Rossetti


in the
Circuit Court
of the 19th Judicial Circuit
Lake County, Illinois

**IN THE CIRCUIT COURT OF NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS )
)                                     Date of Sentence ___July 28, 1989___
)                                     Date of Birth ___April 18, 1958___
vs.                              )                                                    (Defendant)
)     Case No. _____88CF1461_____
John Waldron                 )
)                                     Date of Birth _____
Defendant                    )                                                    (Victim)

**F I L E D**

**AMENDED**

# JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

NOV 06 2007

WHEREAS the above - named defendant has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of
Corrections for the term of years and months specified for each offense.

CIRCUIT CLERK

| COUNT | DATE OF OFFENSE | STATUTORY OFFENSE | CITATION | CLASS | SENTENCE | | | MSR |
|-------|-----------------|-------------------|----------|-------|----------|---|---|-----|
| 1 | Sept. 6, 1988 | First Degree Murder | 38-9-1(A)(3) | M | LIFE Yrs | Mo | Yr | |

and said sentence shall run (☑ concurrent with)(☐ consecutive to) the sentence imposed on: ALL COUNTS _____.

| 2 | Sept. 6, 1988 | First Degree Murder | 38-9-1(A)(1) | M | LIFE Yrs | Mo | Yr |

and said sentence shall run (☑ concurrent with)(☐ consecutive to) the sentence imposed on: ALL COUNTS _____.

| 3 | Sept. 6, 1988 | First Degree Murder | 38-9-1(A)(2) | M | LIFE Yrs | Mo | Yr |

and said sentence shall run (☑ concurrent with)(☐ consecutive to) the sentence imposed on: ALL COUNTS _____.

| 4,5 | Sept. 6, 1988 | Armed Robbery | 38-18-2(a) | X | 60 Yrs | Mo | Yr |

and said sentence shall run (☑ concurrent with)(☐ consecutive to) the sentence imposed on: ALL COUNTS _____.

The Court finds that the defendant is:

☐ Convicted of a class _____ offense but sentenced as a **Class X** offender pursuant to 730 ILCS 5/5-5-3(c)(8).

☐ The Court further finds that the defendant is entitled to receive credit for time actually served in custody (of _____days as of the
date of this order) from (specify dates) _____

☑ The Court further finds that the conduct leading to conviction for the offenses enumerated in counts 1,2,3,4,5 ____ resulted in **great
bodily harm** to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).

☐ The Court further finds that the defendant meets the eligibility requirements and is approved for placement in the **impact incarceration**
program. If the Department accepts the defendant and determines that the defendant has successfully completed the program, the
sentence shall be reduced to time considered served upon certification to the Court by the Department that the
defendant has successfully completed the program. Written consent is attached.

☐ The Court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled
substance.

☐ IT IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (☐ concurrent with) (☐ consecutive to)
the sentence imposed in case number _____ in the Circuit Court of _____ County.

☑ IT IS FURTHER ORDERED that the defendant serve    ☐ 85%    ☑ 100% of said sentence as to count(s) ___1,2,3___.
IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

☑ IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which
shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

☑ IT IS FURTHER ORDERED that Defendant is sentenced to the Department of Corrections for a period of Natural Life as to counts 1, 2 and 3.
Defendant is sentenced to the Department of Corrections for a period of (60) years as to counts 4 and 5. All counts are to run concurrently.

This order is (☑ effective immediately) (☐ stayed until _____).

DATE: ___November 6, 2007___                    ENTER: _Victoria A. Rossetti_

Victoria A. Rossetti

(PLEASE PRINT JUDGE'S NAME HERE)

Form approved by the Conference of Chief Judges
Effective March 18, 2005                                                        171-39C4 (04/05)

STATE OF ILLINOIS        )
                         )   SS.
LAKE COUNTY              )

    The undersigned Clerk of the Circuit Court of the above named Court does hereby certify the above to be a true and complete copy of an order entered of record in said Court in the case of
THE PEOPLE OF THE STATE OF ILLINOIS versus _____ John Waldron _____ .

    Signed and sealed before me

(Official Seal Affixed)

November 6 _____ , 20 07 _____ .

_Sally D. Coffelt_ss
(Clerk of the Circuit Court)



FILED
NOV 06 2007
CIRCUIT CLERK

Form approved by the Conference of Chief Judges
Effective March 18, 2005

171-39C4 (04/05)