IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOHN WALDRON #N23690, ) ) ) Petitioner, ) ) v. ) ) DONALD A. HULICK, ) ) Respondent. ) | No.  08 C 3277 |

MEMORANDUM ORDER

This Court has just been assigned the bulky pro se filing by John Waldron ("Waldron") of a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), brought to challenge Waldron's July 28, <u>1989</u> conviction of felony murder and other charges on which he is serving life and other sentences. Because the Petition is so clearly out of time under Section 2244(d)(1), Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") calls for its dismissal. As for Waldron's accompanying In Forma Pauperis Application ("Application"), this Court denies leave to proceed in forma pauperis (Waldron is apparently unaware that Section 2254 petitions require only a modest $5 filing fee), while the accompanying Motion for Appointment of Counsel is denied as moot.

Needless to say, the existence of a state conviction that is nearly two decades old immediately raises a warning flag in terms

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

of timeliness.  But because Petition Pt. II refers to two state post-conviction proceedings brought by Waldron, one assertedly filed in 2001 and the other in 2005, and because the latter is listed as having been decided just last year, this Court tracked it down to see whether it might bring Waldron within the one-year limitation period prescribed by Section 2244(d)(1).

That is clearly not the case.  Instead the decision of the Illinois Appellate Court for the Second District dealing with that proceeding, handed down July 11, 2007, described Waldron's state post-conviction efforts in these terms (375 Ill.App.3d 159, 160, 872 N.E.2d 1036, 1037):

> On direct appeal, this court vacated two of defendant's convictions of first-degree murder but otherwise affirmed his convictions and sentences. People v. Waldron, 219 Ill.App.3d 1017, 1046-47, 162 Ill.Dec. 586, 580 N.E.2d 549 (1991).  The facts of the case are recited in the direct appeal and will not be repeated here.  Defendant filed a pro se postconviction petition on December 26, 2000.  The dismissal of that petition as frivolous and patently without merit was affirmed by this court in a Rule 23 order issued on September 23, 2002, and corrected on October 29, 2002.  In that order, this court modified defendant's sentences such that his two 60-year sentences would run concurrently with one another but consecutively to his natural life sentence.  This court otherwise affirmed his sentences as modified.
>
> On July 27, 2005, defendant filed a second pro se postconviction petition, seeking to have his 60-year sentences modified to run concurrently with his life sentence.

It is plain from that description that all issues raised in Waldron's first post-conviction proceeding are barred from

federal review under Section 2244(d)(1).  And as for the second post-conviction proceeding, it is equally plain that the issues raised there do not jibe at all with any of the asserted federal constitutional claims that form the gravamen of Waldron's current Petition--so that the current Petition is also barred under Section 2244(d)(1).

One other matter needs to be touched on lightly.  Petition Pt. II ¶1.I says that Waldron appealed the last Illinois Appellate Court decision, not by filing a petition for leave to appeal but by what he describes as a "state habeas corpus to Ill. Supreme Court instead."  According to Waldron, that effort was also denied on May 20, 2008 by Dkt. No. 12051.  But that of course did nothing to revive Waldron's overly stale claims.

In sum, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4).  And that being so, the same Rule 4 directs that "the judge must dismiss the petition"--and this Court does so.

Finally, because the Application must be and is denied, this Court is sending a copy of this memorandum order to the fiscal officer at Menard Correctional Center (where Waldron is in custody) so that the $5 fee can be paid.  That payment should be made to the "Clerk of Court," with this Case No. 08 C 3277 to be shown on the remittance, and mailed to this address:

```
            Office of the Clerk
            United States District Court
            219 South Dearborn Street - 20th Floor
            Chicago IL 60604

            Attention:  Fiscal Department
```

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:  June 11, 2008