IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 2 3 2008

JOHN WALDRON,                    )
Petitioner,                      )        No. ( 08-C-3277 )    ~~MICHAEL W. DOBBINS~~
                                 )                              ~~CLERK, U.S. DISTRICT COURT~~
   -vs-                          )        Milton I. Shadur
                                 )        Judge Presiding
DONALD A. HULICK, Warden,        )
Respondent.                      )

## NOTICE OF OBJECTION

This opposition to the "Memorandum Order" of presiding
justice Milton I. Shadur (issued forth June 11, 2008) which
summarily dismissed petitioner's 28 USC 2254 Petition for a
Writ of Habeas Corpus, is brought by petitioner <u>to preserve
his right to appeal</u>. Petitioner incorporates by reference his
Memorandum of Law which was filed along with his habeas petition,
and states as follows:

1. Memorandum of Law, Argument II, Pages 12-15: The pivital
issue which acts as a doorway for consideration of all of peti-
tioner's arguments is herein contained and must, as a matter
of sound judicial discretion, be adjudicated <u>first</u> or this Court
is relying on facts not relevant in or to the petition.

Due to a clear and convincing jurisdictional defect, the
Illinois Courts have no jurisdiction to hear any of the issues
presented in this federal habeas petition.

Therefore, this Court <u>must</u> hear the constitutional merits
(De Novo Review) of this petition.

On November 6, 2007 the Circuit Court of Lake County, Illi-
nois resentenced petitioner by reinstating two murder convictions
that the Appellate Court had vacated. (See <u>People v. Waldron</u>,
219 Ill.App.3d 1017, 1046-47 (1991)). The Lake County judge
thus changed the sentencing statute that clearly and without
dispute made the amended sentencing order an illegal resentencing.

In furtherance, since Ill.Rev. Stat. 1987, Ch. 38 was in
effect at the time the underlying offense occured, and the statute
petitioner was resentenced under didn't exist at the time of
the committed offense, the trial court exceeded the limit of
its jurisdiction and Illinois now has no jurisdiction to hear
petitioner's issues and correct the sentencing statute.

In essence, it was the circuit court judge's illegal sentencing that allowed any 28 USC 2244 rule to come into play. This is what opened the proverbial door, and this Court can't close that door by simply ignoring it and the due process violations that surround it.

Following this illegal sentencing, the petitioner had to exhaust state remedies, which culminated in a July 11, 2007 appellate ruling denying relief, and a May 20, 2008 state supreme court ruling denying his state habeas corpus.

The instant habeas petition is <u>not time barred</u>.

Further the <u>1996</u> Antiterrorism and Effective Death Penalty Act as contained in 28 USC 2244 (which the judge's Memorandum Order relied on) was not in effect in <u>1989</u> when the underlying offense occured, and as ruled in <u>Apprendi</u>, new procedural rules are not retroactive.

Still further, a constitutionally guaranteed right can never be waived. <u>Townsend v. Sain</u>, 83 SCt. 745, 372 U.S. 293: "The opportunity for redress against state detention in violation of fundamental liberties safeguarded by the federal constitution, presupposes the opportunity to be heard, to argue and to present evidence and <u>must never be totally foreclosed</u>. (emphasis added)

2. Should this Court reject the objective and legal reasoning of Statement #1 of this Notice of Objection, petitioner then submits that the judge's Memorandum Order states that petitioner's habeas petition is clearly out of time under Section 2244(d)(1) and thus calls for its dismissal. However, it was the one-year period of limitation of 28 USC 2244(d)(2) which petitioner relied upon and complied with -- namely, the one-year period of limitation

shall run from the latest of ... "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A state habeas corpus to the state supreme court is a properly filed collateral venue. Petitioner exhausted his state remedies via a state habeas (on the main issue of resentencing) rather than a PLA to the same court, and was denied May 20, 2008 (Dkt. No. 12051).  Petitioner filed the instant 28 USC 2254 Petition for a Writ of Habeas Corpus on May 30, 2008.

This is the gateway through which petitioner now passes to have his claims considered on their merits.

The legislative intent of the one-year time-limit of 28 USC 2244(d)(2), with collateral review not counted toward this period of limitation, is clearly defined; and legislative intent and legislative definition are dispositive: U.S. v. Galloway, 976 F.2d 414 (1992); U.S. v. Reynolds, 900 F.2d 1000 (1990).

The objected to Memorandum Order places a wall between petitioner's appeal rights (by seeking to preclude him from appealing to the 7th Circuit Court of Appeals and beyond).

Wolf v. McDonnell, 418 U.S. 539, 555-556 (1974): "There is no iron curtain drawn between the United States Constitution and the prisons of this country."

The objected to Memorandum Order denies petitioner liberties protected by due process, and ignores his illegal incarceration by way of numerous jurisdictional defects outlined in his petition.

-3-

Morrissey v. Brewer, 403 U.S. 471 (1972): "Liberty protected by due process may -- indeed must to some extent -- coexist with legal custody pursuant to conviction.  The deprivation of liberty following adjudication of guilt is partial, not total."

3. Petitioner requested his constitutional right to a De Novo Review which decides petitioner's issues under the "Supremacy Clause" of the U.S. Constitution and gives no deference to prior (State) rulings.  Doe v. U.S., 821 F.2d 694, 261 U.S. App. D.C. 206 (1987) -- Admin. Law 744.1; Records 34; Nants v. FDIC, 864 F.Supp. 1211 (1994) -- 5 USCA 552a(d), (d)(2)(B)(i), (g)(2)(A); U.S. v. Brian, 900 F.2d 218 (1990); and the Supremacy Clause outlined in USCA Const. Art. 6, cl. 2.  This constitutional right was also denied petitioner when the objected to Memorandum Order relied on Illinois Appellate Court rulings in 2001 and 2005 which had no bearing whatsoever to the gateway issue of the instant petition.

4. Petitioner now requests a De Novo Review of the presiding judge's judicial conclusions to which objections are made, under the authority of Moore v. Scully, 956 F.Supp. 1139 (1997) -- Fed. Rules Civ. Proc. Rule 72(b), U.S. Mag. 27; Chappeta v. Lippman, 913 F.Supp. 302 (1996).

5. Petitioner now requests the order to have the fiscal officer send this Court $5 for a filing fee be rescinded.  Petitioner's financial statement clearly shows he does not have $5.

\*     \*     \*     \*     \*

Under penalty of perjury, pursuant to 28 USCA 1746 and 18 USCA 1621, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: _6-17-08_                              _John Waldron_
                                              John Waldron