FILED
JUL 1 0 2008
7-10-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the United States District Court
for the Northern District of Illinois
Eastern Division

John Waldron, )
Petitioner, )
  )
 -vs- ) No: 08 C 3277
  )
Donald A Hulick, )
Respondent. )

### APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Petitioner, John Waldron, seeks a "Certificate of Appealability" and cites <u>Miller - El v. Dretke</u>, 125 SCt. 2317 (2005) to show that the issues he has raised, in objecting to the denial of his petition, are debatable among jurists of reason, and that the questions deserve encouragement to proceed further. Further, all issues satisfy the substantial showing required by 28 U.S.C.A. 2253(c)(2)-(3).

### POINTS AND AUTHORITIES

Procedural ineffective assistance of trial counsel violated the petitioner's right to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

Massaro v. U.S., 123 SCt. 1690 (2003)
Strickland v. Washington, 466 U.S. 668 (1984)
Murray v. Carrier, 477 U.S. 478 (1986)


The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally amended the petitioner's sentence, thereby violating the petitioner's due process rights under the 14th amendment of the U.S. Constitution.

Miller v. Florida, 482 U.S. 423, 430
Swank v. Smart, 898 F.2d 1247 (C.A.7 1990)
Johnson v. Zerbst, 304 U.S. 458


It was prosecutional misconduct to knowingly introduce false evidence (a videotape) and to further expose the jury to same,

(1)

absent a proper foundation, thereby making the process defective in a substantial form required by law and violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

Napu v. Illinois, 360 U.S. 264
Miller v. Pate, 386 U.S. 1
Johnson v. Zerbst, 304 U.S. 458

The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally applied natural life and extended sentencing to petitioner, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

U.S. v. Gaudin, 515 U.S. 506
Hamling v. U.S., 418 U.S. 85
Johnson v. Zerbst, 304 U.S. 458

The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally allowed the jury to hear the testimony (under objection) of a witness who was not only under the influence of drugs at the time she was giving testimony, but admittedly was under the influence of drugs at the time she witnessed the underlying crimes of which she was giving testimony, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

Loper v. Beto, 92 SCt. 1014
U.S. v. Syme, 276 F.3d 131
Johnson v. Zerbst, 304 U.S. 458

It was prosecutional misconduct to coach and bolster the testimony of a key state witness who was granted a deal to testify against the petitioner; and the trial court exceeded the limit of its jurisdiction by assuming the role of trier-of-fact concerning the truthfulness of said coached and bolstered testimony, thereby making the process defective in a substantial form required by law and violating petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

Banks v. Dretke, 540 U.S. 696 (2004)
Conception v. U.S. 181 F.Supp. 2d 206 (2002)
Johnson v. Zerbst, 304 U.S. 458

The trial court exceeded the limit of its jurisdiction, either as to the matter, place, sum or person when it unconstitutionally sentenced petitioner on two armed robberies, both of which came from the same course of action and occurred during a single incident, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

U.S. v. Tucker, 404 U.S. 443, 447
U.S. v. Brown, 209 F.3d 1020 (C.A.7 2000)
Johnson v. Zerbst, 304 U.S. 458

The Illinois State Legislature established a sentencing statute that was (and still is) contrary to federal law as established by the U.S. Supreme Court, and sentenced the petitioner thereunder, thereby violating the petitioner's rights to due process and a fair and fundamental trial under the 14th and 6th amendments of the U.S. Constitution.

Jones v. U.S., 119 SCt. 1215 (1999)
McMilan v. Pennsylvania, 106 SCt. 2411
Johnson v. Zerbst, 304 U.S. 458

Respectfully Submitted

*John Waldron*

John Waldron
Reg. No. N23690
P.O. Box 711
Menard, IL 62259-0711

(3)