

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
JOHN WALDRON #N23690,              )
                                  )
                Petitioner,       )
                                  )
        v.                        )    No.  08 C 3277
                                  )
DONALD A. HULICK,                 )
                                  )
                Respondent.       )

<u>MEMORANDUM ORDER AND STATEMENT</u>

On July 10 John Waldron ("Waldron") filed with our Court of
Appeals (1) a notice of appeal from this Court's June 11, 2008
memorandum order ("Order") dismissing Waldron's 28 U.S.C. §2254[1]
Petition for Writ of Habeas Corpus ("Petition"), (2) a docketing
statement in connection with his appeal, (3) an application for a
certificate of appealability, (4) an application to proceed in
forma pauperis ("Application"), coupled with a printout
reflecting transactions in Waldron's trust fund account at Menard
Correctional Center ("Menard," where Waldron is serving his state
prison term), and (5) a motion for appointment of counsel to
handle his appeal.  This memorandum order and statement will
address all but the last of those documents.

First, Fed. R. App. P. 22(b) requires this Court either to
issue a certificate of appealability or to state the reasons why
such a certificate should not issue.  As the attached copy of the

_____

[1]    All further references to Title 28's provisions will
simply take the form "Section--."

Order reflects, this Court found it unnecessary there to address the merits of Waldron's grounds for relief in substantive terms because the Petition did not reflect any basis for tolling the short one-year limitation period established by Section 2244(d)(1).

As for the Application, Order at 1 explained that a comparable request for in forma pauperis status should be denied at the district court level because the filing fee for Section 2254 actions is just $5 (rather than the $350 fee ordinarily applicable to civil actions). This Court's understanding is that the same modest fee applies at the appellate level, so that the Application is denied for the same reason. Accordingly a copy of this memorandum order is being transmitted to the fiscal personnel at Menard, who are directed to remit the modest $5 filing fee to the District Court's Clerk's Office, with the check to bear this case number (08 C 3277):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> 20th Floor
> Chicago IL 60604
>
> Attention:  Fiscal Department

Nothing in Waldron's docketing statement calls for any ruling (or even comment) on this Court's part. That leaves Waldron's motion for appointment of counsel to be dealt with. That determination will be left to the Court of Appeals (before

2

which Waldron may also elect to renew his request for a

certificate of appealability).

_____

Milton I. Shadur
Senior United States District Judge

Date:  July 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.   )
JOHN WALDRON #N23690,               )
                                    )
                  Petitioner,       )
                                    )
     v.                             )    No.   08 C 3277
                                    )
DONALD A. HULICK,                   )
                                    )
                  Respondent.       )

MEMORANDUM ORDER

This Court has just been assigned the bulky pro se filing by John Waldron ("Waldron") of a 28 U.S.C. §2254[2] Petition for Writ of Habeas Corpus ("Petition"), brought to challenge Waldron's July 28, 1989 conviction of felony murder and other charges on which he is serving life and other sentences.  Because the Petition is so clearly out of time under Section 2244(d)(1), Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") calls for its dismissal.  As for Waldron's accompanying In Forma Pauperis Application ("Application"), this Court denies leave to proceed in forma pauperis (Waldron is apparently unaware that Section 2254 petitions require only a modest $5 filing fee), while the accompanying Motion for Appointment of Counsel is denied as moot.

Needless to say, the existence of a state conviction that is

---

[2]     All further references to Title 28's provisions will simply take the form "Section--."

4

nearly two decades old immediately raises a warning flag in terms
of timeliness.  But because Petition Pt. II refers to two state
post-conviction proceedings brought by Waldron, one assertedly
filed in 2001 and the other in 2005, and because the latter is
listed as having been decided just last year, this Court tracked
it down to see whether it might bring Waldron within the one-year
limitation period prescribed by Section 2244(d)(1).

That is clearly not the case.  Instead the decision of the
Illinois Appellate Court for the Second District dealing with
that proceeding, handed down July 11, 2007, described Waldron's
state post-conviction efforts in these terms (375 Ill.App.3d 159,
160, 872 N.E.2d 1036, 1037):

> On direct appeal, this court vacated two of defendant's
> convictions of first-degree murder but otherwise
> affirmed his convictions and sentences.  People v.
> Waldron, 219 Ill.App.3d 1017, 1046-47, 162 Ill.Dec.
> 586, 580 N.E.2d 549 (1991).  The facts of the case are
> recited in the direct appeal and will not be repeated
> here.  Defendant filed a pro se postconviction petition
> on December 26, 2000.  The dismissal of that petition
> as frivolous and patently without merit was affirmed by
> this court in a Rule 23 order issued on September 23,
> 2002, and corrected on October 29, 2002.  In that
> order, this court modified defendant's sentences such
> that his two 60-year sentences would run concurrently
> with one another but consecutively to his natural life
> sentence.  This court otherwise affirmed his sentences
> as modified.
>
> On July 27, 2005, defendant filed a second pro se
> postconviction petition, seeking to have his 60-year
> sentences modified to run concurrently with his life
> sentence.

It is plain from that description that all issues raised in

5

Waldron's first post-conviction proceeding are barred from
federal review under Section 2244(d)(1). And as for the second
post-conviction proceeding, it is equally plain that the issues
raised there do not jibe at all with any of the asserted federal
constitutional claims that form the gravamen of Waldron's current
Petition--so that the current Petition is also barred under
Section 2244(d)(1).

One other matter needs to be touched on lightly. Petition
Pt. II ¶1.I says that Waldron appealed the last Illinois
Appellate Court decision, not by filing a petition for leave to
appeal but by what he describes as a "state habeas corpus to Ill.
Supreme Court instead." According to Waldron, that effort was
also denied on May 20, 2008 by Dkt. No. 12051. But that of
course did nothing to revive Waldron's overly stale claims.

In sum, "it plainly appears from the petition and any
attached exhibits that the petitioner is not entitled to relief
in the district court" (Section 2254 Rule 4). And that being so,
the same Rule 4 directs that "the judge must dismiss the
petition"--and this Court does so.

Finally, because the Application must be and is denied, this
Court is sending a copy of this memorandum order to the fiscal
officer at Menard Correctional Center (where Waldron is in
custody) so that the $5 fee can be paid. That payment should be
made to the "Clerk of Court," with this Case No. 08 C 3277 to be

6

shown on the remittance, and mailed to this address:

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604
>
> Attention:  Fiscal Department

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 11, 2008