IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.　)
JOHN WALDRON #N23690,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Petitioner,　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　 )　　No.　08 C 3277
　　　　　　　　　　　　　　　　　　)
DONALD A. HULICK,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondent.　　　)

MEMORANDUM ORDER

Just yesterday this Court's secretary received a call from
counsel in the Illinois Attorney General's Office--snide in both
tone and content--advising that "the Court of Appeals was
wondering when Judge Shadur would rule on Petitioner's Notice of
Objection."  Unfortunately the answer is that this Court had no
knowledge at all that any such document existed until that phone
call--although the document had been received in this District
Court's Clerk's Office on June 23 and docketed that same day, pro
se petitioner John Waldron ("Waldron") had tendered only the
original of that document despite the express requirements in the
District Court rules (1) that a second copy of every filed
document be furnished for delivery to chambers as the "Judge's
Copy" or (2) when a document is filed electronically, as almost
all filings are today, that a paper copy be delivered to the
assigned judge's chambers within a day after filing.[1]  This

_____

    [1]  Any other arrangement would require a judge's minute
clerk, on a daily basis, to be (1) monitoring all CM-ECF filings

Court's secretary has promptly printed out a copy of Waldron's

hitherto-unknown Notice of Objection, and this memorandum order

just as promptly addresses it.

First, it is a total non sequitur for Waldron to state

(emphasis in original):

> Due to a clear and convincing jurisdictional defect,
> the Illinois Courts have no jurisdiction to hear any of
> the issues presented in this federal habeas petition.
>
> Therefore, this Court must hear the constitutional
> merits (De Novo Review) of this petition.

What Waldron ignores is that what he describes as the absence of

state court jurisdiction was the result of the sequence described

by the Illinois Appellate Court for the Second District in its

July 11, 2007 opinion (375 Ill.App.3d 159, 160, 872 N.E.2d 1036,

1037) and quoted at page 2 of this Court's June 11, 2008

memorandum order ("Order") dismissing Waldron's 28 U.S.C. §2254

Petition for Writ of Habeas Corpus ("Petition"), after which this

Court held (Order at 2-3):

> It is plain from that description that all issues
> raised in Waldron's first post-conviction proceeding
> are barred from federal review under Section

---

or (2) running a docket printout in all the cases on this Court's
calendar, adding an enormous and unfair burden to the work of
this District Court's efficient minute clerks, who have a great
many legitimate matters occupying them full time.  Indeed, even
if a judge or his or her staff were somehow alerted to the
existence of an otherwise unknown filing, it would be unfair to
shift the cost of reproduction (often of extremely voluminous
filings) from the litigant to the court and court personnel, and
both unfair and burdensome to shift the inconvenience of such
reproduction in the same way.

2244(d)(1).  And as for the second post-conviction
proceeding, it is equally plain that the issues raised
there do not jibe at all with any of the asserted
federal constitutional claims that form the gravamen of
Waldron's current Petition--so that the current
Petition is also barred under Section 2244(d)(1).

Next Waldron mistakenly says that AEDPA does not apply to

him because it "was not in effect in 1989 when the underlying

offense occurred, and as ruled in Apprendi, new procedural rules

are not retroactive."  That is flat-out wrong, just as Waldron

mistakenly seeks to invoke Townsend v. Sain, 372 U.S. 293, 312

(1963) as somehow entitling him to a hearing on his time-outlawed

claim.

Finally, what Waldron continues to misunderstand, although

the Illinois Appellate Court explained otherwise and this Court

followed its lead in the earlier-quoted passage from its Order,

is that he cannot bootstrap himself by reviving in his current

federal Petition arguments that are time-barred because of the

dates of their disposition in state post-conviction proceedings.

And none of the other assertions made by Waldron in his Notice of

Objection adds merit to his position.

In sum, none of the matters set out in Waldron's June 23

filing alters what this Court said and did in its July 14, 2008

memorandum order and statement, even though this Court then had

no knowledge (or notice) of Waldron's June 23 filing.[2]


_____

Milton I. Shadur
Senior United States District Judge

Date:  August 13, 2008

---

[2]  In that respect, this Court is taking steps to have the Clerk's Office set up procedures to avoid the recurrence of such situations in the future.